UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL CRUZ,
    Plaintiff,

vs.    No. 1:13-cv-1187-JAP/SCY

JEREMY WOLFFBRANDT, Officer,
TODD SIERRA, Officer, FRANK TAFOYA,
Officer, CITY OF ALBUQUERQUE, and
JOHN DOES, unknown Albuquerque Police Officers,
    Defendants.

**MEMORANDUM OPINION AND ORDER**

This civil rights lawsuit arises out of Plaintiff Michael Cruz's November 2011 arrest and subsequent prosecution for concealing his identity and for disorderly conduct. In the original complaint, filed November 6, 2013, Plaintiff alleged that Defendants violated the Fourth Amendment by unlawfully entering Plaintiff's home, using excessive force against him, and arresting him without probable cause. *See* Complaint for Damages for Violation of Civil Rights, Exhibit 1 to NOTICE OF REMOVAL (Doc. No. 1-1) (Complaint). On April 22, 2014, Plaintiff filed an amended complaint appending, *inter alia*, claims that Defendants had retaliated against Plaintiff for filing this lawsuit by placing Plaintiff under routine police surveillance. *See* PLAINTIFF'S FIRST AMENDED COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS (Doc. No. 22). In PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF (Doc. No. 32) (Motion), Plaintiff asks the Court to enter summary judgment in his favor on the issue of liability on these First Amendment retaliation claims. Plaintiff also requests injunctive relief in the form of a restraining order barring Defendant City of Albuquerque and its agents from the vicinity of Plaintiff's residence "unless responding to a documented and

1

legitimate emergency call." *Id.* at 17. Defendants oppose the motion on the basis that police have not been conducting surveillance of Plaintiff. *See* DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT AND INJUNCTIVE RELIEF [DOC. 32] (Doc. No. 36) (Response). In light of this factual dispute, the Court will deny Plaintiff's Motion.

## I.   Standard of Review

Under Federal Rule of Civil Procedure 56(a), a party may receive summary judgment if that party "shows that there is no genuine dispute as to any material fact and [the party] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  When, as is the case here, the plaintiff moves for summary judgment, the plaintiff bears the initial burden of demonstrating "that there is an absence of evidence to support the [defendant's] case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  Once this burden is satisfied, to avoid summary judgment, defendant must designate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Ultimately, "summary judgment will not lie if [there is a] dispute about a material fact [that] is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

## II.   Disputed Facts

The facts surrounding the alleged police surveillance of Plaintiff's home are disputed. According to Plaintiff's affidavit, his wife observed an "unmarked APD patrol unit" across the street from his home on February 6, 2014. Affidavit of Michael Cruz, Exhibit 8 to Motion (Doc. No. 32-8 ¶ 4). Plaintiff believes this vehicle was conducting surveillance of his house and had no legitimate reason to be in the neighborhood. *Id.* ¶ 5. Plaintiff also contends that his house was

placed under surveillance on June 18, 2014 between 4:55 p.m. and 9:30 p.m., this time by marked police units, the second of which arrived after Plaintiff's family began taking pictures of the first unit. *Id.* ¶¶ 7, 10. Plaintiff speculates that the reason for the police presence was to "intimate [his] family." *Id.* ¶ 9.

In the Response, Defendants deny having conducted surveillance of Plaintiff's residence on either date. Response at 8. Defendants point out that Plaintiff's affidavit is not based on personal knowledge. The information concerning the February 6, 2014 incident observed by Plaintiff's wife is hearsay, which the Court may not consider. FED. R. CIV. P. 56(c); *Johnson v. Weld County*, 594 F.3d 1202, 1210 (10th Cir. 2010). Furthermore, even if the Court accepts that Plaintiff's wife saw a white vehicle parked across the street from her house on February 6, 2014, as depicted in Exhibit A to Motion (Doc. No. 32-1), Plaintiff has not produced any evidence that this vehicle belonged to the police or that there was an individual inside this vehicle watching Plaintiff's residence. As for June 18, 2014, Defendants admit that marked patrol vehicles were located across from Plaintiff's residence. Response at 6. However, Defendants present evidence that there were at least two calls in the area on this day and that officers were showing an increased presence in the neighborhood from 3:00 p.m. to 5:00 p.m. to deter residential burglaries. *See* Affidavit of Detective Conrad Griego, Exhibit 3 to Response (Doc. No. 36-3) and Affidavit of Lieutenant Gabriel Mares, Exhibit 11 to Response (Doc. No. 36-11).

### III.    Plaintiff's Requested Relief

Plaintiff originally argued that the Court should grant summary judgment in his favor on

Count IV (negligent and/or reckless supervision)[1] and Count V (retaliation for exercise of First Amendment right of freedom of speech) and enter an injunction requiring all City employees to desist in watching Plaintiff's home. However, after receiving copies of the police Computer Aided Dispatch Reports for June 18, 2014, Plaintiff withdrew his request for summary judgment on Count V. *See* PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF (Doc. No. 39). Presumably, this decision was motivated by the recognition that Defendants have identified specific facts concerning the reason for the police presence in Plaintiff's neighborhood, which preclude summary judgment. Yet, Plaintiffs continue to ask the Court to enter an order enjoining Defendants from freely moving about Plaintiff's neighborhood. Frankly, this request is baffling.

## IV. Discussion

"A party requesting a permanent injunction bears the burden of showing: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Fisher v. Oklahoma Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003). Thus, to prevail on his request for an injunction, Plaintiff must prevail on the merits of his First Amendment retaliation claim, which contains three elements: (1) Plaintiff engaged in a "constitutionally protected activity," (2) Defendants retaliated against Plaintiff based on this activity, and (3) Defendants' conduct would

---

[1] As defined in the first amended complaint, Count IV is a series of § 1983 claims against the City of Albuquerque. Complaint ¶¶ 63-67. However, it is clear from Plaintiff's Motion that Plaintiff is requesting summary judgment only on his First Amendment retaliation claims, not on any of the claims directly associated with his 2011 arrest. As a result, in this MEMORANDUM OPINION AND ORDER, the Court limits its attention to the First Amendment claims, expressing no opinion about the validity of Plaintiff's unlawful search, seizure, arrest, and prosecution claims.

have "chill[ed] a person of ordinary firmness from continuing to engage in that [protected] activity." *McBeth v. Himes*, 598 F.3d 708, 717 (10th Cir. 2010). Because there are genuine issues of material fact concerning the police presence in Plaintiff's neighborhood, the Court cannot conclude as matter of law that Defendants' conduct would have discouraged an ordinary person from pursuing a lawsuit against the City. Furthermore, there is no evidence indicating that Defendants were motivated by Plaintiff's decision to file this lawsuit. Clearly, Plaintiff is not entitled to summary judgment on the merits and is, as a necessary corollary, not entitled to the entry of a permanent injunction.

 IT IS THEREFORE ORDERED that PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF (Doc. No. 32) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE